# Third District Court of Appeal

## State of Florida

Opinion filed July 2, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2552
Lower Tribunal No. F17-9011
_____

**Robinson Calixte,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Robinson Calixte, in proper person.

James Uthmeier, Attorney General, and Katryna Santa Cruz, Assistant Attorney General, for appellee.

Before LINDSEY, GORDO and LOBREE, JJ.

PER CURIAM.

Affirmed.  See Strickland v. Washington, 466 U.S. 668, 687 (1984) ("A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable."); Washington v. State, 835 So. 2d 1083, 1086 (Fla. 2002) ("Our review of the record shows that the circuit court's findings of fact on this claim are supported by competent substantial evidence and its ultimate conclusions on the deficiency and prejudice prongs comport with the law. . . . We find no merit to this claim."); Callaway v. State,  202 So. 3d 901, 902 (Fla. 3d DCA 2016) ("Because [the defendant] failed to . . . demonstrate that the alleged deficient performance of his trial counsel resulted in any prejudice, we affirm. It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings.  Rather, the defendant

must show that, but for counsel's deficient performance, the result of the proceedings would have been different." (internal quotation marks and citations omitted)); <u>Tompkins v. State</u>, 386 So. 2d 597, 599 (Fla. 5th DCA 1980) ("[W]e find appellant's contention that his right to a fair trial was prejudiced by the trial court's permitting state's witnesses to appear in prison attire is without merit. If there was any prejudice, it was against the state, since the fact of the state's witnesses' inmate status would affect the credibility of their testimony[.]"); <u>Moore v. State</u>, 939 So. 2d 1116, 1117-18 (Fla. 3d DCA 2006) ("The purpose of voir dire is to obtain a fair and impartial jury, whose minds are free of all interest, bias, or prejudice. . . . Hypothetical questions, designed to determine whether the jurors could correctly apply the law, are permissible." (internal quotation marks and citations omitted)).